IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| JOHN A. GRAHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 12-0941-SSA-CV-W-MJW |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner, | ) | |
| Social Security Administration, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Plaintiff John A. Graham seeks judicial review,[1] of a final administrative decision denying plaintiff disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401 *et seq*., and Supplemental Security Income (SSI) benefits under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381 *et seq*. Section 205(g) of the Act, 42 U.S.C. § 405(g), provides for judicial review of a final decision of the Commissioner of the Social Security Administration under Title II. Section 1631(c)(3) of the Act and 42 U.S.C. § 1383(c)(3) provide for judicial review to the same extent as the Commissioner's final determination under section 205.

The parties' briefs are fully submitted, and an oral argument was held on August 23, 2013. The complete facts and arguments are presented in the parties' briefs and will not be repeated here.

### **Standard of Review**

The Eighth Circuit has set forth the standard for the federal courts' judicial review of denial of benefits, as follows:

> Our role on review is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. Substantial evidence is less than a preponderance, but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. In determining whether existing evidence is substantial, we consider evidence that detracts from the

---

[1] The parties have consented to the jurisdiction of the United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(c).

Commissioner's decision as well as evidence that supports it. As long as substantial evidence in the record supports the Commissioner's decision, we may not reverse it because substantial evidence exists in the record that would have supported a contrary outcome or because we would have decided the case differently.

Baker v. Barnhart, 457 F.3d 882, 892 (8th Cir. 2006).

The claimant has the initial burden of establishing the existence of a disability as defined by 42 U.S.C. § 423(d)(1). See Roth v. Shalala, 45 F.3d 279, 282 (8th Cir. 1995). To meet the statutory definition, "the claimant must show (1) that he has a medically determinable physical or mental impairment which will either last for at least twelve months or result in death, (2) that he is unable to engage in any substantial gainful activity, and (3) that this inability is the result of his impairment." McMillian v. Schweiker, 697 F.2d 215, 220 (8th Cir. 1983).

When reviewing the record to determine if there is substantial evidence to support the administrative decision, the court considers the educational background, work history and present age of the claimant; subjective complaints of pain or other impairments; claimant's description of physical activities and capabilities; the medical opinions given by treating and examining physicians; the corroboration by third parties of claimant's impairments; and the testimony of vocational experts when based upon proper hypothetical questions that fairly set forth the claimant's impairments. McMillian, 697 F.2d at 221.

**Discussion**

Plaintiff was born in 1963. Plaintiff alleges disability due to limitations resulting from "[d]iabetes, nerve damage in both legs, hepatitis C, 7mm nodules on lungs, fatigue. Low level of reading and writing and trouble with my eyes." Plaintiff originally alleged an onset date of May 1, 2006, but later amended his onset date to November 1, 2008. Plaintiff is insured only through December 31, 2010, and therefore, in order to receive Social Security disability benefits under Title II, plaintiff must establish disability on or before that date.

The administrative law judge (ALJ) found plaintiff had the following severe impairments: Insulin dependent diabetes and hepatitis C. The ALJ determined plaintiff did not meet a listing in 20 C.F.R. Part 404, Subpart P, Appendix 1, and retains a residual functional capacity (RFC) to do light work, but with some limitations to account for his impairments. The ALJ limited plaintiff to lifting a maximum of 20 pounds occasionally, with 10 pounds

2

frequently; can stand or walk six of eight hours and has no limitations on sitting; and cannot work on ladders, scaffolding, and unprotected heights, with sharp tools, dangerous machinery or in extremes of cold. The ALJ further limited plaintiff to jobs which require only occasionally climbing of stairs, and activities involving balance, stooping, kneeling or crawling. Plaintiff was further limited in the RFC as to his ability to read and write. Plaintiff was restricted to simple signs and placards with no writing requirements and no more than simple addition and subtraction. Based on this RFC, the ALJ determined there were jobs that exist in significant numbers in the national economy that plaintiff can perform. With the assistance of a vocational expert, the ALJ determined plaintiff could do representative occupations such as garment bagger, hand bander, and machine feeder. Accordingly, the ALJ determined that plaintiff was not disabled.

Plaintiff argues the ALJ erred in his assessment of plaintiff's severe impairments and weighing the medical evidence. Plaintiff further alleges the Appeals Council failed to properly consider that additional medical evidence submitted. The Commissioner argues that the ALJ's assessment at Step 2 as to plaintiff's severe impairments was proper, and that the neuropathy plaintiff alleges to be severe is a limitation associated with the severe impairment of diabetes that the ALJ did find at Step 2. As to the medical evidence, the Commissioner argues the ALJ was proper in relying on the medical expert who testified at the hearing, and gave valid reasons for the weight given to the opinion of Dr. Badani. As to allegations of difficulty with attention and concentration or social problems alleged by plaintiff, the Commissioner argues the medical records do not support these to be severe impairments. As to the records submitted to the Appeals Council, the ALJ argues that the Council properly found that the additional medical records did not justify remand.

Upon review, this Court finds the ALJ did a thorough analysis of plaintiff's claim, and finds no error in the decision of the ALJ. There is substantial evidence in the record to support the decision of the ALJ. Nonetheless, this Court further finds that the additional medical evidence submitted to the Appeals Council after the ALJ's decision warrants remand to the ALJ for consideration. See Battles v. Shalala, 36 F.3d 43, 45 (8th Cir. 1994) (determination of when the Commissioner has failed to develop the record is made on a case-by-case basis). Upon remand, the ALJ should evaluate this new medical evidence within the 5-step analysis required

to determine disability.  In weighing the medical evidence, the ALJ should address why the two doctors, Drs. Badani and Buhler, who appear to be working at the same facility, gave inconsistent Medical Source Statements within just a few months of each other.  The ALJ should recontact these doctors to better determine what plaintiff's medically determinable impairments are and what work-related limitations those impairments would impose.  See Johnson v. Apfel, 627 F.3d 316, 320 (8th Cir. 2010) (ALJ should recontact a treating or consulting physician if a critical issue is undeveloped).

IT IS, THEREFORE, ORDERED that the decision of the Commissioner is reversed and this case is remanded for further development of the record as set forth herein.

Dated this 28th day of August, 2013, at Jefferson City, Missouri.

/s/ *Matt J. Whitworth*
MATT J. WHITWORTH
United States Magistrate Judge